# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3339

_____

| | | |
|---|---|---|
| John Reed, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Home Depot USA, Inc., a Delaware | * | [UNPUBLISHED] |
| corporation, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 6, 2003
Filed:   July 15, 203

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

John Reed, an African-American, appeals the district court's adverse grant of summary judgment in his employment action against Home Depot, in which he had alleged race and disability discrimination in violation of Title VII, the Americans with Disabilities Act (ADA), and state law. We affirm the grant of summary judgment on Reed's disability-discrimination claim, but we reverse on Reed's claim of failure to promote based on race.

In April 1997 Reed was hired as a sales associate by Home Depot at its store in Brooklyn Park, Minnesota. He alternated between the garden and hardware

departments. In spring of 1998 Home Depot instituted a computer-based system in which associates registered their interest in job positions. In May 2000 Reed registered for department supervisor in building materials, hardware, and tool rental, as well as for the position of design coordinator. (Only promotions occurring within the applicable limitations period--October 26, 1999, through October 26, 2000--are at issue.[1]) Home Depot's store manager averred that, during the limitations period, she promoted two white associates in departments to which Reed did not seek promotion, and that Reed had not demonstrated the motivation and initiative necessary to succeed as a department supervisor.

In his deposition Reed testified that he was as qualified as several white employees who were promoted, based on his experience and full-time status. One of these promoted employees, Kevin Beer, attested that he was sent to management training seven to eight months after starting his employment in March 1999. He was promoted to manager (in building materials) "very quickly" and without an interview. Beer believed that he was promoted because of his white race, that Reed was more qualified than he for the promotion, and that Home Depot had a practice of promoting new hires over better trained and skilled minority employees. Beer recalled approximately ten promotions, all of white employees, during his tenure, and that despite there being many qualified black employees, not one black employee was promoted internally. Beer observed that Home Depot was very segregated and that minority employees who objected to the segregation were "by-passed and efforts were made to get rid of them." For example, when he was a manager, he was told to give certain minority employees "crappy positions and no weekends off" to force them to

---

[1]Reed's failure-to-promote claim must be based on promotions--each a discrete act--occurring within the twelve months immediately preceding October 26, 2000, the date he filed his administrative charge. See 42 U.S.C. § 2000e-5(e)(1) (claimant must file Title VII charge within 300 days of discriminatory act); Minn. Stat. Ann. § 363.06(3) (West 2003) (1-year limitations period); Tademe v. Saint Cloud State Univ., No. 02-1097, 2003 WL 21088062, at *4 (8th Cir. May 15, 2003).

quit. Beer averred further that Home Depot was aware minority employees were referred to as "niggers," but no reprimands were made.

In July 1999 Reed was seen for back and neck pain arising from a nonwork-related slip-and-fall incident. Pursuant to doctors' orders, Reed did not work from July 6 to August 17, and thereafter was to work with light restrictions for four weeks. Reed asked the store manager to be transferred to the phone center. The manager told Reed he had to remain in his department but could have extra breaks, should abide by his restrictions, and should seek assistance from other associates. In July 2000 Reed notified Home Depot staff that he needed to be off work due to back pain; he then had back surgery. Reed's last day of active employment was July 20, 2000, and he was terminated (some ten months later) in May 2001 for "abandonment of job."

The district court granted summary judgment for Home Depot. The court concluded that Reed failed to establish a prima facie case of failure to promote because none of the positions he registered for became available during the limitations period between October 26, 1999, and October 26, 2000, and he could not show his qualifications were similar to those of the promoted employees. As to the disability claim, the court concluded that Reed failed to show he had a substantially limiting physical or mental impairment, and that he also could not show an adverse employment decision because he was allowed to remain in his position despite his medical restrictions until he left for medical leave, from which he did not return.

We review a grant of summary judgment de novo, viewing the evidence in the light most favorable to Reed. See Whitley v. Peer Review Sys., Inc., 221 F.3d 1053, 1055 (8th Cir. 2000). So viewed, we conclude that the record contained evidence to establish Reed's prima facie failure to promote case. Reed, who is African-American, sought a position in the building-materials department and was not promoted. Beer's affidavit permits an inference that Beer, a white employee, was promoted in the same department during the limitations period, and Beer clearly attested that Reed was

more qualified than he for the promotion. See Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1109 (8th Cir. 1998) (prima facie failure-to-promote case). While Home Depot articulated that Reed was not deserving of promotion, we find that Beer's affidavit regarding race-based employment practices at Home Depot, when combined with Reed's deposition testimony that he was more qualified than white employees who were promoted, was sufficient to permit a trier of fact to concluded that Home Depot unlawfully discriminated. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000) (plaintiff's prima facie case, combined with sufficient evidence to find that employer's asserted justification for adverse employment action is false, may permit trier of fact to conclude that employer unlawfully discriminated). Thus, we reverse the entry of summary judgment on Reed's failure-to-promote claim.

We conclude, however, that the district court properly entered summary judgment for Home Depot on the disability-discrimination claim, because Reed failed to show that his back and neck problems qualified as a disability under the ADA. See Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 198 (2002) (to be substantially limited in performing manual tasks, individual must have impairment that prevents or severely restricts him from doing activities that are of central importance to most people's daily lives, and impairment's impact must also be permanent or long-term).

Thus, we affirm the entry of summary judgment for Home Depot on Reed's disability-discrimination claim, but we reverse on Reed's claim of failure to promote based on race, and remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.